## WAYNICK and Another *v.* CONNELLY.

*W.* having separate judgments against *T.* and *L.* on their joint and several
promissory note, issued a *fi. fa.* on the judgment against *T.* which was levied
on certain real estate.  Whilst the execution was in the sheriff's hands, *C.*
entered into a recognizance as bail in the case on the order-book of the Circuit
Court.  *Held*, that *W.* had his election to collect his money by an execution
on the recognizance if valid, or by an execution on the judgment against *L.*
*Held*, also, that if the recognizance was objectionable, *C.'s* remedy was by
motion, on the law side of the Circuit Court, to set it aside.

APPEAL from the *Putnam* Circuit Court.    Monday,
June 1.
BLACKFORD, J.—This was a bill in chancery filed by *Con-*
*nelly* at the *April* term, 1845, of the *Putnam* Circuit Court,
against *John Waynick* and *Daniel W. Layman* for an in-
junction and other relief.

The bill states that *Waynick* had obtained separate judg-
ments against *Daniel W. Layman* and *James Townsend* on
their joint and several promissory note; that an execution
had issued on the judgment against *Townsend*, and been
levied on certain real estate; that whilst said execution was
in the hands of the sheriff, the complainant and another en-
tered themselves replevin-bail in the case on the order-book of
the Circuit Court; that *Townsend* is insolvent, and that *Lay-*
*man* has property sufficient to satisfy the judgment against
him; that *Waynick* has issued execution on the recognizance
of bail entered into as aforesaid by the complainant and

May Term, 1846.

another, and has caused it to be levied on certain real estate of the complainant. Prayer, that all proceedings on the execution against the complainant be enjoined until the property of *Layman*, subject to execution, be sold to satisfy the judgment against him; that the recognizance of bail be set aside; and for general relief.

The Court ordered the injunction as prayed for; and from that order the defendants have appealed.

We see no good reason for the filing of this bill. *Waynick* had his election to collect his money by an execution on the recognizance of bail if valid, or by an execution on the judgment against *Layman*. There is not the slightest ground for saying that the replevin-bail of *Townsend* could not be made liable, except on the default of *Layman*. The bail were not sureties of *Layman*, nor was there any connection between them and him.

If the recognizance of bail is objectionable, respecting which we give no opinion, the complainant's remedy as to that is at law. He might, at the time he filed this bill, have moved the Circuit Court on the law side to set aside the recognizance.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Cowgill, E. W. M'Gaughey, R. W. Thompson,* and *C. W. Barbour,* for the appellants.

*W. P. Bryant, J. M. Hanna, J. A. Wright,* and *S. F. Maxwell,* for the appellee.